RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 2/6/13

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| ROBBIE LYNN MULLINS,<br>　　　Appellant | CIVIL ACTION<br>NO. 1:12-CV-02107 |
| VERSUS | |
| U.S. COMMISSIONER OF<br>SOCIAL SECURITY,<br>　　　Appellee | JUDGE DEE D. DRELL<br>MAGISTRATE JUDGE JAMES D. KIRK |

REPORT AND RECOMMENDATION

Robbie Lynn Mullins ("Mullins") filed applications for social security disability insurance benefits ("DIB") (Doc. 9, Tr. p. 83/125) and supplemental security income benefits ("SSI") (Doc. 9, Tr. p. 87/215) on December 15, 2009, alleging a disability onset date of December 10, 2009 due to "seizures, back problems" (Doc. 9, Tr. p. 106/215).

After a de novo hearing, the Social Security Administrative Law Judge ("ALJ") found that, although Mullins suffers from severe impairments of "seizure disorder, cervical pain syndrome and chronic low back pain with lumbar spinal stenosis" (Doc. 9, Tr. p. 19/215), he has the residual functional capacity to perform sedentary work, except that he cannot work around unprotected heights and moving machinery, he cannot operate a vehicle, and he

can only occasionally push and pull, balance, climb stairs, or use foot controls (Doc. 9, Tr. p. 20/215). The ALJ concluded that Mullins was not disabled within the meaning of the Social Security Act at any time through the date of the ALJ's decision on March 17, 2011 (Doc. 9, Tr. p. 24/215). Mullins requested a review of the ALJ's decision, but the Appeals Council declined to review it (Doc. 9, Tr. p. 1/215), and the ALJ's decision became the final decision of the Commissioner of Social Security.

Mullins next filed this appeal for judicial review of the ALJ's decision (Docs. 1, 12). The Commissioner answered and filed an unopposed motion to remand Mullins' case pursuant to Sentence four of 42 U.S.C. § 405(g) (Doc. 15), contending the ALJ's decision should be vacated because it is deficient in its analysis of the opinions of the two examining physicians, Dr. Edku Borazanci and Dr. John P. Sandifer, the ALJ's findings as to Mullins' residual functional capacity are inconsistent with the opinions of the examining physicians, and the ALJ needs to hold another hearing, accept additional evidence, seek vocational expert testimony, and reconsider Mullins' residual functional capacity and ability to work.

In Shalala v. Shaefer, 509 U.S. 292, 296-7, 113 S.Ct. 2625, 2629 (1993), the Supreme Court stated the exclusive methods by which district courts may remand to the Commissioner are set forth in sentence four and sentence six of 42 U.S.C. § 405(g), as

follows:

> "[4] The district court shall have the power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Secretary, with or without remanding the cause for a rehearing."

> "[6] The court may, on motion of the Secretary made for good cause shown before he files his answer, remand the case to the Secretary for further action by the Secretary, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding; and the Secretary shall, after the case is remanded, and after hearing such additional evidence if so ordered, modify or affirm his findings of fact or his decision, or both, and shall file with the court any such additional and modified findings of fact and decision, and a transcript of the additional record and testimony upon which his action in modifying or affirming was based."

A sentence six remand may be ordered in only two situations: where the Commissioner, for good cause shown, requests a remand before answering the complaint, or where new, material evidence is adduced that was for good cause not presented before the agency. Shaefer, 509 U.S. at 297, 113 S.Ct. at 2629, citing Melkonyan v. Sullivan, 501 U.S. 89, 99-100, 111 S.Ct. 2157, 2163-64 (1991).

The Commissioner is requesting a fourth sentence remand, contending his final decision should be vacated because he already filed an answer (Doc. 9), and remand is required for the ALJ to consider additional evidence and reevaluate Mullins' residual functional capacity and ability to work. Since Mullins does not oppose the Commissioner's motion, the Commissioner's motion to vacate his decision and remand Mullins' case for further

3

administrative proceedings should be granted.

## Conclusion

Based on the foregoing discussion, IT IS RECOMMENDED that the Commissioner's unopposed motion (Doc. 15) be GRANTED, the Commissioner's final decision be VACATED, and Mullins's case be REMANDED PURSUANT TO THE FOURTH SENTENCE OF 42 U.S.C. § 405(G) to the Commissioner of Social Security for the purpose of reconciling conflicts between the ALJ's findings and the evidence, holding an additional hearing, accepting additional evidence, seeking vocational expert testimony, and reconsidering Mullins' residual functional capacity and ability to work.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the district judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR,**

**FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED in Alexandria, Louisiana, on this 5th day of February 2013.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE